**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DONNA JEAN HEINRICHS-WALTERS,**

    **Plaintiff,**

v.                                                                **Case No. 8:11-CV-01662-T-27AEP**

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Donna Jean Heinrichs-Walters, the Plaintiff in this case, seeks judicial review of the denial of her claim for a period of disability, Disability Insurance Benefits, and Supplement Security Income. Because the Commissioner of Social Security's decision was based on substantial evidence and employed proper legal standards, the Court recommends that the decision be affirmed.

**I.**

**1.     Procedural Background**

On October 10, 2006, the Plaintiff applied for supplemental security income ("SSI") and disability insurance benefits ("DIB"), alleging that she became disabled on August 30, 2006 (Tr. 57-60, 124, 129). After denials at the initial and reconsideration levels (Tr. 57-60), the Plaintiff requested a hearing before an administrative law judge (the "ALJ") (Tr. 80). The ALJ held a hearing on June 2, 2009 (Tr. 33-56) (the "Hearing"), and issued a decision on August 21, 2009

(the "Decision"), finding the Plaintiff not disabled (Tr. 21-32). The Appeals Council denied review (Tr. 1-5), and the Commissioner's Decision is ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## 2.  Factual Background and the ALJ's Decision

The Plaintiff was forty-nine (49) years old with a tenth grade education on the date of the ALJ's Decision (Tr. 38). The Plaintiff alleged that she could not work due to degenerative disk disease, a herniated disk, depression, anxiety, and panic attacks (Tr. 148). After an evaluation of the record and the Plaintiff's testimony at the Hearing, the ALJ found that despite her impairments, the Plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of sedentary work (Tr. 27, Finding No. 5). Based on vocational expert ("VE") testimony, the ALJ found that the Plaintiff could perform other work in the national economy, and therefore, was not disabled (Tr. 31-32, Finding Nos. 10, 11).

## II.

In order to be entitled to SSI, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id*. § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id*. §

405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 1035 (2005).  The Commissioner must apply the correct law and demonstrate that he has done so.  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994), *citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971).[1]  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

Thus, the scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

### III.

The Plaintiff challenges the ALJ's Decision on five grounds:

(1) the ALJ erred in failing to make a proper credibility finding as to the Plaintiff's testimony, and erred in improperly discrediting the Plaintiff's complaints of pain and subjective symptoms;

(2) the ALJ failed to accord substantial weight to the findings of the Plaintiff's treating medical sources, and erred in substituting her own opinion for those of the medical experts;

(3) the ALJ erred in determining the Plaintiff's RFC;

(4) the ALJ erred in evaluating the Plaintiff's obesity, and failed to comply with SSR 02-01p in not considering the impact of the Plaintiff's obesity on her ability to work; and

(5) the Appeals Council erred by failing to reverse the decision of the ALJ based on new and material evidence.

For the reasons discussed below, the Court finds that the ALJ's Decision was based on substantial evidence and comported with applicable legal standards.

**1. Whether the ALJ erred in failing to make a proper credibility finding as to the Plaintiff's testimony, and erred in improperly discrediting the Plaintiff's complaints of pain and subjective symptoms**

The Plaintiff first argues broadly that the ALJ erred by including a boilerplate statement regarding her evaluation of the Plaintiff's subjective complaints of pain instead of conducting an in-depth analysis. (Dkt. No. 14 at 4.) The Plaintiff does not cite to specific complaints or areas in the record that would conflict with the ALJ's evaluation. Thus, the Court's review shall be limited to the general manner in which the ALJ evaluated the Plaintiff's subjective complaints of pain. The Plaintiff is correct in noting that the ALJ included boilerplate language concerning her evaluation of the Plaintiff's pain. Specifically, the ALJ stated that:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity.

(Tr. 28.) If the ALJ's evaluation of the Plaintiff's subjective complaints ended with this boilerplate language, perhaps the Plaintiff would be correct in her assertion that "[t]he ALJ did not examine the intensity, persistence, or limiting effects of the Claimant's pain and symptoms." (Dkt. No. 14 at 5.) However, to the contrary, immediately following this boilerplate language, the ALJ engaged in a two-page, thorough analysis of the Plaintiff's complaints of pain in comparison with the objective medical evidence on record. The ALJ's conclusions in this regard

are based on substantial evidence. To suggest that the ALJ did not engage in such an examination is a misconstrual of the ALJ's Decision. The Plaintiff has not directed the Court to any particular piece of evidence that would conflict with the ALJ's application of the pain standard in this case. Thus, the Court finds that the Plaintiff's first argument is without merit.

> **2.     Whether the ALJ failed to accord substantial weight to the findings of the Plaintiff's treating medical sources, and erred in substituting her own opinion for those of the medical experts**

The Plaintiff next argues that the ALJ erred by failing to accord substantial weight to the findings of the Plaintiff's treating medical sources. Within this argument, the Plaintiff notes that the ALJ was "presented with a large record with numerous medical exhibits, many documenting the Claimant's impairments and disabilities." (Dkt. No. 14 at 6.) The ALJ, according to the Plaintiff, "when faced with consistent professional opinions that the Claimant suffers from valid impairments and is disabled, chose to ignore or improperly discount the professional opinions in favor of her own opinions." (Dkt. No. 14 at 6.) Therefore, the Plaintiff argues, "the decision is subject to reversal or to remand."

In its August 5, 2011 order, the Court directed the Plaintiff to "number and identify with particularity the discrete grounds upon which the administrative decision is being challenged." (Dkt. No. 10 at 1.) "Moreover, any such discrete challenges must be supported by citation to the record of the pertinent facts and by citations of the governing legal standards." (Dkt. No. 10 at 1-2.) "Any contention for which these requirements are not met is subject to being disregarded for insufficient development." Here, the Plaintiff has neither made discreet challenges to the ALJ's Decision nor has she cited to relevant portions of the record in support of her argument.

6

Instead, she states in very broad terms that the ALJ has erred by failing to accord substantial weight to the findings of the Plaintiff's treating medical sources. In essence, the Plaintiff has presented a conclusory allegation with no specific support from the medical record for her argument. Thus, it is clear that the Plaintiff's memorandum does not comply with the Court's August 5, 2011 order. The Plaintiff also misstates whose burden it is to prove disability in a Social Security case. It is not the job of the ALJ or the Court to assume that the Plaintiff suffers from every alleged impairment unless a physician says otherwise. Instead, it is the Plaintiff's burden to prove that she suffers from the alleged impairments by putting forth objective medical evidence to support her claims. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir.2005) ("An individual claiming Social Security disability benefits must prove he or she is disabled."). Without specific citations to the record in support of her argument, the Court cannot take the Plaintiff's conclusory assertions at face value. Nevertheless, having reviewed the medical record as a whole, the Court finds that the ALJ's conclusions are supported by substantial evidence. Thus, the Plaintiff's second argument is without merit.

### 3. Whether the ALJ erred in determining the Plaintiff's RFC

The Plaintiff's third argument, that the ALJ erred in determining the Plaintiff's RFC, is similarly flawed. Again, the Plaintiff states a legal conclusion without citing to a single piece of medical evidence in support of her argument. The Plaintiff merely states that "by failing to include and consider the Claimant's impairments and resulting limitations, as documented in the medical evidence and testimony of record, the ALJ erred in determining the Claimant's RFC, and the ALJ's decision is subject to reversal or to remand." (Dkt. No. 14 at 8.) It is not the job of the

7

Court to "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir.2004). Further, it is not the job of the Court to fish for potential errors in the ALJ's Decision and craft the Plaintiff's legal arguments for her. The Court has fulfilled its duty by reviewing the record as a whole and finds that the ALJ's Decision and is supported by substantial evidence. Thus, the Plaintiff's third argument is without merit.

  **4. Whether the ALJ erred in evaluating the Plaintiff's obesity, and failed to comply with SSR 02-01p in not considering the impact of the Plaintiff's obesity on her ability to work**

The Plaintiff next argues that the ALJ has committed "clear error" by failing to discuss or analyze in any detail the Plaintiff's obesity. (Dkt. No. 14 at 8.) The ALJ included the Plaintiff's obesity in step two of her analysis as a severe impairment, but made no other references to the Plaintiff's obesity in her Decision. In support of her argument, the Plaintiff cites to Social Security Ruling 02-01p and "1.00(Q), in the preface to the musculoskeletal listings," which recognize a number of functional limitations associated with obesity. (Dkt. No. 14 at 8-9.) The Plaintiff does not, however, cite to any medical evidence of any kind that would demonstrate that the Plaintiff's obesity is accompanied by these functional limitations. The only place in the medical evidence that the Court is able to find a reference to the Plaintiff's obesity comes in the general examination notes from a neurological consultation performed by Dr. Valery N. Lipenko, M.D. (Tr. 242.) In her Decision, the ALJ discussed Dr. Lipenko's medical report, noting that the Plaintiff was found to have "5/5 motor strength in her lower extremities, normal sensation and a normal gait." (Tr. 29.) The ALJ conducted a thorough analysis of the Plaintiff's

musculoskeletal ailments and the ALJ's ultimate conclusions are supported by substantial evidence on record. Since the Plaintiff has not directed the Court to any evidence on record that would compel a different conclusion, the Plaintiff's argument in this regard must fail.

> **5.  Whether the Appeals Council erred by failing to reverse the decision of the ALJ based on new and material evidence**

Lastly, the Plaintiff next argues that the "Appeals Council erred when it failed to remand this case based on the new and material evidence and for these reasons the case is subject to be remanded." (Dkt. No. 14 at 10-11.) Claimants may generally present new evidence at each stage of the administrative proceedings. 20 C.F.R. §§ 404.900(b), 416.1470(b); *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1261 (11th Cir.2007). If additional evidence is presented for the first time to the Appeals Council, it must consider the evidence if it is "new and material" evidence relating "to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. §§ 404.970(b), 416.1470(b). Thus, to warrant consideration by the Appeals Council, the evidence must relate to the period on or before the date of the ALJ's decision. *Id*. Here, the Plaintiff presented to the Appeals Council an undated application for disabled person parking (Tr. 224), a December 24, 2009 reflex sympathetic dystrophy/complex regional pain syndrome treating physician data sheet by James Loebell, DPM (Tr. 225-29), a May 12, 2009 discharge note by James Loebell, DPM (Tr. 230-31), and several radiological records from March 2008 and June 2009 (Tr. 232-38). Since the date of the parking permit is unknown and the December 2009 data sheet was produced after the ALJ's Decision, the Appeals Council was not required to consider either of these documents. With regard to the May 2009 discharge note,

which diagnosed the Plaintiff with reflex sympathetic dystrophy, the Appeals Council properly considered and rejected this evidence. This discharge note included limitations consistent with the ALJ's Decision, namely that the Plaintiff could at least perform a "sit down job as long as she avoids climbing, avoids crouching, kneeling and crawling, avoids more than occasional balancing and stooping, avoids dangerous moving machinery and unprotected heights, and avoids exposure to concentrated heat and cold." (Tr. 30.) Further, even though this discharge note presents the diagnosis of reflect sympathetic dystrophy, the Eleventh Circuit has consistently found that a diagnosis alone is insufficient to support a finding of disability. *See Moore v. Barnhart*, 405 F.3d 1208 (11th Cir.2005); *see also McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir.1986). Lastly, the radiological records from March 2008 and June 2009 did not contain "new and material" evidence that would compel a contrary finding by the ALJ. The March 2008 radiological report by Dr. Robert P. Ruvolo found "small disc protrusions" and "mild desctroscoliosis of mid portion of the thoracic spine," but did not note any specific functional limitations. *See McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir.1986) (noting that "the severity of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."). Further, the ALJ had already incorporated this record into his Decision. (Tr. 29, 351-52.) Finally, the June 2009 MRI report revealed an "[o]verall stable MRI since previous exam on March 24, 2008." (Tr. 232.) No new or material functional limitations appear in the June 2009 report. Therefore, the Appeals Council did not err in their evaluation of these additional records.

## IV.

Accordingly, for the foregoing reasons, it is **RECOMMENDED** that:

(1)     The decision of the Commissioner be **AFFIRMED**; and

(2)     The Clerk of Court be directed to enter final judgment in favor of the Commissioner and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on this 20th day of August, 2012.

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc)*.

Copies furnished to:

Hon. James D. Whittemore

Counsel of Record